IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| IN THE MATTER OF: | ) | CASE NO. BK 15-80997 |
|---|---|---|
| | ) | Chapter 13 |
| Nicholas James Bailey, | ) | |
| xxx-xx-2739 | ) | **FIRST AMENDED CHAPTER 13 PLAN** |
| | ) | **AND** |
| Debtor. | ) | **NOTICE OF RESISTANCE DEADLINE** |

1. **PAYMENTS**.

The debtor or debtors (hereinafter called "Debtor") submit to the standing Chapter 13 trustee all projected disposable income to be received within the applicable commitment period of the plan. The payment schedule is as follows:

| A. Monthly Payment Amount [include any previous payments] | B. Number of Payments | Base Amount (A X B) |
|---|---|---|
| $675.00 | 2 | $1,350.00 |
| $130.00 | 58 | 7,540.00 |
| | | $8,890.00 |

The payment shall be paid directly from the Debtor to the Trustee.

NOTE: PLAN PAYMENTS TO THE TRUSTEE MUST BEGIN IMMEDIATELY FOR PLANS REQUIRING PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS OR LEASE PAYMENTS.  IN THOSE CASES PROVIDING FOR EMPLOYER DEDUCTIONS,  THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE BY MONEY ORDER OR CASHIER'S CHECK UNTIL THEIR EMPLOYER DEDUCTION BEGINS.  IN CASES WITHOUT PRE-CONFIRMATION PAYMENTS, PLAN PAYMENTS MUST COMMENCE WITHIN 30 DAYS OF FILING OF THE PETITION.  THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE UNTIL THEIR EMPLOYER DEDUCTION BEGINS.

2. **ORDER OF PAYMENT OF CLAIMS**.

Applicable trustee fees shall be deducted, pursuant to 28 U.S.C. § 586(e).  Claims shall be paid in the following order: (1) 11 U.S.C. § 1326(a)(1)(B) & (C) pre-confirmation payments for adequate protection or leases of personal property; (2) payments to secured creditors under 11 U.S.C. § 1325(a)(5), payments due on executory contracts, the Debtor's attorney fees, 11 U.S.C. § 507(a)(1)(A) priority domestic support claims and approved Chapter 7 trustee compensation; (3) other administrative expense claims under 11 U.S.C. § 503; (4) other priority claims in the order specified in 11 U.S.C. § 507(a) including post-petition tax claims allowed under 11 U.S.C. § 1305; (5) co-signed consumer debts; (6) general unsecured claims.  Unless otherwise noted, claims within each class shall be paid pro rata.  If funds remain after payment of specific monthly payments provided for in the plan, the Chapter 13 Trustee may distribute those funds to secured creditors in payment of their allowed secured claims.

3. **SECTION 1326(a) PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS AND LEASE PAYMENTS**.

The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the trustee to the below listed creditors without entry of an order of the Court. The Debtor proposing pre-confirmation payments will _immediately_ commence plan payments to the trustee. Creditors must file a proof of claim to receive payment. Payments by the trustee shall commence to these creditors within 30 days of the filing of the proof of claim unless the Trustee does not have funds available within seven working days prior to the end of the 30-day period. Post-confirmation payments are provided for below in Paragraphs 6 and 7 of this plan.

| Creditor's Name and Full Address | Last Four Digits of Account Number | Date of Next Payment Due | Payment Amount |
|---|---|---|---|
| A. SAC Federal Credit Union<br>P.O. Box 1149<br>Bellevue, NE 68005-1149 | 3001 | 7/15<br>(This was a one-time only payment). | $250.00 |

4. **ADMINISTRATIVE CLAIMS**.

Trustee fees shall be deducted from each payment disbursed by the trustee.

Nebr. R. Bankr. P. 2016-1(A)(4) and Appendix "K" provide the maximum allowance of Chapter 13 attorney fees and expenses that may be included in a Chapter 13 plan. Total fees or costs in excess of this amount must be approved through a separate fee application. Fees and costs requested for allowance are as follows:

| Total Fees Requested | Fees Received Prior to Filing | Balance of Fees to be Paid in Plan |
|---|---|---|
| $3,700.00 | $0.00 | $3,700.00 |
| **Total Costs Requested** | **Costs Received Prior to Filing** | **Balance of Costs to be Paid in Plan** |
| $200.00 | $0.00 | $200.00 |

Fees and costs allowed shall be paid at the rate of not less than: (a) while plan payments are $675.00: $357.50 per month while paragraph 3(A) claim and the special provision in paragraph 6(B)(1)(a) is completed and $607.50 per month thereafter; and (b) while plan payments are $130.00: $117.00 per month; and shall accrue from the month in which the case is filed.

5. **PRIORITY CLAIMS**.

11 U.S.C. § 1322(a) provides that all claims entitled to priority under 11 U.S.C. § 507(a) shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim except for a priority claims under 11 U.S.C. § 507(a)(1)(B). It is further provided that any and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claim and not entitled to priority. Such claims are as follows:

**(A)** **Domestic Support Obligations**. None

The Debtor is required to pay all post-petition Domestic Support Obligations directly to the holder of the claim and not through the Chapter 13 plan.

**(B)** **Arrearages Owed to Domestic Support Obligation Holders Under 11 U.S.C. § 507(a)(1)(A)**: None

**(C)** **Domestic Support Obligations Assigned to or Owed to a Governmental Unit Under 11 U.S.C. § 507(a)(1)(B)**: None

**(D)** **Priority Tax Claims Including Post-Petition Tax Claims Allowed Under 11 U.S.C. § 1305**:

| Federal: $1,271.32 | State: $489.04 | Total: $1,760.36 |

**(E)** **Chapter 7 Trustee Compensation Allowed Under § 1326(b)(3)**:

| Amount Allowed | Monthly Payment (greater of $25 or 5% of monthly payment to unsecured creditors) |
| --- | --- |
| $0.00 | $0.00 |

**(F)** **Other Priority Claims**: None

**6.** **SECURED CLAIMS**.

**\*\*ALL SECURED CREDITORS LISTED IN PARAGRAPH 6 SHALL BE PAID ON A PRO-RATA BASIS IN EQUAL MONTHLY PAYMENTS, AFTER ATTORNEY FEES AND COSTS LISTED IN PARAGRAPH 4 HAVE BEEN PAID IN FULL.**

**(A)(1) Home Mortgage Claims (including claims secured by real property which the Debtor intends to retain)**. Unless otherwise provided in this plan, Debtor shall pay all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due beginning with the first due date after the case is filed and such creditor shall retain any lien securing its claim. Any pre-petition arrearage shall be paid through this Chapter 13 plan with interest as provided below and in equal monthly payments as specified below. The amount of pre-petition arrears is determined by the proof of claim, subject to the right of the Debtor to object to the amount set forth in the claim.

a.  Colonial Savings & Loan
    Claim: $117,128.00
    Security: 601 Howard St., Scribner, Nebraska
    Estimated Arrearage Amount (through 6/15): $0.00

**(A)(2) The following claims secured by real property shall be paid in full through the Chapter 13 plan**:

     a.    None

**(B) Post-Confirmation Payments to Creditors Secured by Personal Property**. Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (1) and (2). If the Debtor elects a different method of payment, such provision is set forth in subparagraph (3).

**(1) Secured Claims to Which § 506 Valuation is NOT Applicable**: Claims listed in this subsection are debts secured by a purchase-money security interest in a personal motor vehicle, incurred within 910 days of filing of the bankruptcy OR debts secured by a purchase-money security interest in "any other thing of value," incurred within one year prior to filing of the bankruptcy. These claims will be paid in full with interest as provided below and in equal monthly payments as specified below:

     a.    SEE PARAGRAPH 6(C)

**(2) Secured Claims to Which § 506 Valuation is Applicable**: Claims listed in this subsection are debts secured by personal property not described in the prior paragraph of this plan, 6(B)(1). These claims will be paid either the value of the secured property or the amount of the claim, whichever is less, with interest as provided below and in equal monthly payments as specified below. The portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim. The value of the secured property is determined by the proof of claim, subject to the right of the Debtor to object to such valuation.

     a.    SEE PARAGRAPH 6(C)

**(3)  Other Provisions**: None

**(C)  Surrender of Property**. The Debtor surrenders any interest in the following collateral. Any secured claim filed by the below creditors will be deemed satisfied in full through surrender of the collateral. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the Court.

1. GM Financial
   Claim: $29,636.00
   Security: 2010 GMC Sierra 1500 Pickup V8 Crew Cab SLE 4WD

2. Capital One - Helzbergs
   Claim: $4,818.00
   Security: Engagement ring and necklace

3. SAC Federal Credit Union
   Security: 2011 Chrysler 200 V6 Sedan 4D S with 67,000 miles, Power Sunroof, Navigation System
   Estimated Claim Amount: $20,605.00

(Note: The vehicle was damaged in a collision on 7/14/15 and determined to be a total loss. The creditor is loss-payee through the Debtor's insurance carrier and has a lien against the vehicle, the vehicle insurance proceeds and the GAP insurance proceeds).

**(D)** **Lien Avoidance**. The Debtor shall file a Motion to Avoid the lien of the following creditor(s):

1. None

**7. EXECUTORY CONTRACTS/LEASES**.

**(A)** **Rejected**:

The Debtor rejects the following executory contracts/leases:

1. None

**(B)** **Assumed:**

The Debtor assumes the executory contract/lease referenced below and provides for the regular contract/lease payment to be included in the Chapter 13 plan. Any pre-petition arrearage will be cured in monthly payments as noted below:

a. None

**8. CO-SIGNED UNSECURED DEBTS**.

The following co-signed debts shall be paid in full at the contract rate of interest from the petition date.

(A) None

**9. UNSECURED CLAIMS**.

Allowed unsecured claims shall be paid pro rata from all remaining funds.

**10. ADDITIONAL PROVISIONS**.

(A) If there are no resistances/objections to confirmation of this plan or after all objections are resolved, the Court may confirm the plan without further hearing.

(B) Property of the estate, including the Debtor's current and future income, shall re-vest in the Debtor at the time a discharge is issued, and the Debtor shall have sole right to use and possession of property of the estate during the pendency of this case.

(C)     In order to obtain distributions under the plan, a creditor must file a proof of claim within 90 days after the first date set for the meeting of creditors except as provided in 11 U.S.C. § 502(b)(9). Claims filed after this bar date shall be disallowed except as provided in Bankruptcy Rule 3002.

(D)     Unless otherwise provided in this plan or ordered by the Court, the holder of each allowed secured claim provided for by the plan shall retain its lien securing such claim as provided in 11 U.S.C. § 1325(a)(5)(B).

(E)     After the bar date to file a proof of claim for non-governmental units passes, limited notice/service is approved for all post confirmation pleadings. Pleadings shall include applications for fees, amended plans and motions. Pleadings shall be served on all parties in interest. For purposes of this limited notice provision, a party in interest is a party whose interest is directly affected by the motion, a creditor who has filed a proof of claim, a party who has filed a request for notice, any governmental agency or unit that is a creditor and all creditors scheduled as secured or priority creditors. Any pleading filed with limited notice shall include a certificate of service specifically stating it was served with limited notice on all parties in interest pursuant to Neb.R.Bankr.P. 9013-1(E)(1). **Failure to comply shall result in deferral of the motion until a proper certificate of service is filed.**

## NOTICE OF RESISTANCE DEADLINE

ANY RESISTANCE TO THIS PLAN OR REQUEST FOR A HEARING MUST BE FILED IN WRITING WITH THE BANKRUPTCY CLERK'S OFFICE (SEE ORIGINAL NOTICE OF BANKRUPTCY FOR ADDRESS) AND SERVED ON THE ATTORNEY FOR THE DEBTOR AT THE ADDRESS LISTED BELOW (OR SERVED ON THE DEBTOR, IF NOT REPRESENTED BY AN ATTORNEY), ON OR BEFORE THE 2ND DAY OF SEPTEMBER, 2015.

IF A TIMELY RESISTANCE OR REQUEST FOR A HEARING IS FILED AND SERVED, THE BANKRUPTCY COURT WILL HANDLE THE RESISTANCE IN ACCORDANCE WITH NEB. R. BANKR. P. 3015-2. IF THERE ARE NO OBJECTIONS TO THE PLAN AS FILED, THE COURT MAY CONFIRM THE PLAN WITHOUT FURTHER HEARING.

## CERTIFICATE OF SERVICE

On August 12, 2015, the undersigned mailed a copy of this plan to all creditors, parties-in-interest, and those requesting notice by regular United States mail, postage prepaid. The parties to whom notice was mailed are either listed below or on the attached mailing matrix. The undersigned relies on the CM/ECF system of the United States Bankruptcy Court to provide service

to the following:  Kathleen A Laughlin, Chapter 13 Trustee.

                                          Nicholas James Bailey,
                                          Debtor

DATED: August 12, 2015                By:*/s/ Ronald A. Hunter*
                                                  RONALD A. HUNTER  #16864
                                                  Attorney for the Debtor
                                                  11605 Arbor St., Suite 104
                                                  Omaha, NE 68144
                                                  (402) 397-6965 (phone)
                                                  (402) 397-0607 (fax)
                                                  ronahunterlaw@gmail.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0867-8<br>Case 15-80997-TLS<br>District of Nebraska<br>Omaha Office<br>Wed Aug 12 16:32:20 CDT 2015 | AmeriCredit Financial Services, Inc. dba GM<br>c/o Michael P Gaughan<br>6363 College Blvd<br>Suite 100<br>Overland Park, KS 66211-1881 | Nicholas James Bailey<br>601 Howard St.<br>Scribner, NE 68057-3024 |
| Dodge County Treasurer<br>435 North Park<br>PO Box 999<br>Fremont, NE 68026-0999 | AmeriCredit Financial Services, Inc. dba GM<br>P O Box 183853<br>Arlington, TX 76096-3853 | Capital One - Helzbergs<br>26525 N. Riverwoods Blvd.<br>Mettawa, IL 60045-3438 |
| Capital One - Menards<br>26525 N. Riverwoods Blvd.<br>Mettawa, IL 60045-3438 | Colonial Savings & Loan<br>Attention: Bankruptcy<br>2626 West Freeway Bldg. B<br>Fort Worth, TX 76102-7109 | Crista Encinias<br>601 Howard Street<br>Scribner, NE 68057-3024 |
| Dodge County Attorney<br>Dodge County Courthouse<br>Fremont, NE 68025 | Dodge County Treasurer<br>Dodge County Courthouse<br>Fremont, NE 68025 | Dodge County Treasurer<br>PO Box 999<br>Fremont  NE 68026-0999 |
| Eden West - Omaha/Peterson Co<br>c/o Venture Financial Services, Inc.<br>9500 E. 63rd St., Suite #202<br>Raytown, MO 64133-4951 | GM Financial<br>PO Box 181145<br>Arlington, TX 76096-1145 | Internal Revenue Service<br>Centralized Insolvency Operation<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| John T. Turco and Associates<br>2580 S. 90th St.<br>Omaha, NE 68124-2050 | Menards<br>P.O. Box 15521<br>Wilmington, DE 19850-5521 | Metro Credit Union<br>4501 N. 72nd Street<br>Omaha, NE 68134-2321 |
| Metro Health Credit Union<br>14509 F St.<br>Omaha, NE 68137-1054 | Metro Health Services FCU<br>14509 F Street<br>Omaha, NE 68137-1054 | Nebraska Dental Association<br>7160 South 29th Street St. #2<br>Lincoln, NE 68516-5853 |
| Nebraska Department of Revenue<br>Attn: Bankruptcy Unit<br>P.O. Box 94818<br>Lincoln, NE 68509-4818 | SAC Federal Credit Union<br>P.O. Box 1149<br>Bellevue, NE 68005-1149 | U.S. Attorney<br>1620 Dodge St., #1400<br>Omaha, NE 68102-1506 |
| U.S. Attorney General<br>U.S. Dept. of Justice<br>950 Pennsylvania Avenue N.W., Rm 5137<br>Washington, DC 20530-0009 | Venture Financial Services<br>PO Box 16568<br>9500 East 63rd Street, Ste. 202<br>Kansas City, MO 64133-4951 | Worlds Foremost Bank<br>4800 NW 1st Street<br>Lincoln, NE 68521-4463 |

End of Label Matrix
Mailable recipients    26
Bypassed recipients     0
Total                  26